MYER
v.
FISHER

## MYER *against* FISHER.

IN ERROR, on *certiorari* to a justice's court.

Where a cause in a justice's court, is adjourned to a future day, at a certain hour, when the parties attend, and the justice for his own convenience, and with the consent of the defendant, delays the trial, and when he is ready to try the cause, informs the defendant that he intended to bring it on, who voluntarily absents himself, the delay does not amount to a discontinuance, and a judgment rendered against the defendant on an *ex parte* trial, is not erroneous.

After issue joined in this cause, it was adjourned to a future day, at two o'clock in the afternoon, at which time the parties appeared, and the justice having indispensable business which prevented his attending at the time appointed, the defendant below, who is the plaintiff in error, assented to a delay.  When the justice had got through his business, between four and five o'clock, he saw the defendant in the street, and sent word to him and to his attorney, who was at a short distance off, that he was ready to proceed : but neither of them appeared, and the justice proceeded to try the cause, and gave judgment for the plaintiff below.

*Per Curiam.*  The judgment must be affirmed.  The con-

sent of the defendant below to the delay, takes away all ground of complaint. It is evident that he wilfully absented himself, after being apprized that the cause would be called on to trial. The delay here is fully and satisfactorily accounted for; and if the defendant has sustained any injury, it has been occasioned by his own fault or folly, and does not come within the principle which has governed any of the cases, in which it has been held that the cause was out of court, in consequence of the delay of the trial. (*a*)

Judgment affirmed.

(*a*) Vide *Baldwin v. Carter, ante*, p. 494.