AMBROSE EWING *vs.* JAMES S. NICKLE, JAMES NICKLE, SR. and EDWARD KELLY.

*What is necessary to entitle a party to an Injunction to restrain the Execution of a Judgment rendered against him—An irregularity not to be taken advantage of by the party at whose instance it was done.*

To entitle a party to the aid of a Court of equity to restrain, by injunction, the execution of a judgment rendered against him, it is incumbent upon him to allege in his bill, and plainly show in proof, that it is against equity and good conscience that the judgment should be enforced. He must not only show that there is injustice in the rendition or enforcement of the judgment, but he must also show that his own conduct and dealings with the matter have been in all respects fair and consistent with equity. If he have been negligent and inattentive to the case while pending before the Justice, and by his own conduct brought about the state of things of which he complains, a Court of equity can afford no relief.

A party will not be relieved as against a judgment at law, whether recovered in a Court of superior jurisdiction, or before a justice of the peace, unless he can impeach the justice of such judgment by facts, or on grounds of which he could not have availed himself at law, or was prevented from so doing, by fraud or accident, or the act of the opposite party, unmixed with fault or negligence on his part, or that of his agent.

An adjournment or postponement by a justice of the peace, for a longer time than that fixed by statute, cannot be objected to as erroneous by the party at whose instance it was granted.

APPEAL from the Circuit Court for Cecil County, in Equity.

The bill of complaint of Ambrose Ewing charged, that on or about the 5th of August, 1874, a certain James S. Nickle, as agent for James Nickle, Sr., instituted a suit against the complainant before a justice of the peace, to

recover a sum of money alleged to be due him on open account by the complainant; that the complainant was summoned and appeared on the return day; that James S. Nickle also appeared at the same time and exhibited his account against the complainant, who then and there exhibited an account in bar amounting to more than the account exhibited against him, whereupon, as he believed, the suit was dismissed by the justice; that afterwards on or about the 1st of September, 1874, the complainant received notice from the justice of the peace, that said Nickle desired a further hearing in said suit, and requested the complainant to appear before him on a certain day for that purpose; that he appeared on the day mentioned, but the said Nickle did not so appear, that thereupon the justice said that he would give judgment against said Nickle, and the complainant believed that he would do so; that afterwards, on the 16th of November, 1874, the said justice, notwithstanding the matters aforesaid, and without any further notice to the complainant, gave judgment against him in favor of said Nickle for the sum of $83.09; that afterwards, on the 21st of November, 1874, the said justice issued a writ of *fieri facias* in said suit against the complainant, directed to one Edward Kelly, who had levied upon the property of the complainant and threatened to advertise and sell the same.

The bill further charged, that the complainant had no notice that said judgment had been rendered against him until more than sixty days after the rendition thereof, and after he had lost all right of appeal, or other methods of proceeding at law for the redress thereof; and further, that said judgment was rendered against the complainant by surprise and fraudulently. The bill prayed that an injunction might issue to restrain the said Edward Kelly, constable, and the said James S. Nickle and James Nickle, Sr., &c., from collecting the amount of said judgment, or any part thereof, and from executing said writ of *fieri facias*.

The injunction was issued as prayed. The defendants answered. The case is further stated in the opinion of this Court. The Circuit Court passed an order dissolving the injunction and dismissing the bill. The complainant appealed.

The cause was submitted to BARTOL, C. J., GRASON, MILLER, ALVEY and ROBINSON, J.

*Albert Constable*, for the appellant.

*H. McCullough*, for the appellees.

ALVEY, J., delivered the opinion of the Court.

To entitle the complainant to the aid of a Court of equity to restrain, by injunction, the execution of the judgment of the justice of the peace rendered against him, it was incumbent upon him to allege in his bill, and plainly show in proof, that it is against equity and good conscience that the judgment should be enforced. He must not only show there is injustice in the rendition or enforcement of the judgment, but he must also show that his own conduct and dealings with the matter have been in all respects fair and consistent with equity. If he has been negligent and inattentive to the case while pending before the justice, and by his own conduct brought about the state of things of which he complains, a Court of equity can afford no relief. Indeed, no principle is better settled, than that a party will not be relieved as against a judgment at law, whether recovered in a Court of superior jurisdiction, or before a justice of the peace, unless he can impeach the justice of such judgment by facts, or on grounds of which he could not have availed himself at law, or was prevented from so doing, by fraud or accident, or the act of the opposite party, *unmixed with fault or negligence on his part, or that of his agent*. *Gott & Wilson*,

*vs. Carr,* 6 *Gill & John.,* 309; *Briesch vs. McCauley,* 7 *Gill,* 189; *Duncan vs. Lyon,* 3 *John. Ch.,* 351.

Now, applying these well settled principles to the facts disclosed in the record before us, it is perfectly manifest that the complainant has failed to present a case to entitle him to the relief prayed in his bill, and that, therefore, the Court below was right in dissolving the injunction.

All the material facts alleged in the bill, upon which reliance is placed to sustain the injunction, are flatly denied by the answer of the plaintiff in the judgment. In addition to this, we have the testimony of the justice who rendered the judgment, and of James S. Nickle, who, as agent of his father, brought the suit against the complainant, both of whom flatly disprove the material allegations of the bill; the only proof on the part of the complainant being that given by himself as witness. That the complainant was duly served with process, to appear and defend the suit; that he did appear on the return day, and then prayed a postponement of the case to a future day, to enable him to prepare for trial, and that he failed to appear on the day designated, but subsequently procured an extension of time to enable him to produce witnesses to prove an account in bar, are facts that would seem to be perfectly well established by proof. And it is equally well established that he did not avail himself of the opportunities thus afforded, but failed to appear on either of the days fixed by postponement, and never subsequently appeared or inquired after the case, or gave it any attention whatever, until after the lapse of several months, and until after execution was issued on the judgment. In this there was certainly negligence on the part of the complainant, which takes from him the foundation for equitable relief.

It is very true, as contended by the complainant's counsel, there were irregularities in the proceedings before the justice. The case should have been regularly tried

Ewing *vs.* Nickle, *et al.*

and disposed of, as directed by the Code, Art. 51, secs. 23 and 24, on the—1st of September, 1874, the day to which the case had been first postponed at the instance of the complainant. But these irregularities did not occur with the consent of the plaintiff in the judgment; but, on the contrary, against his urgent demand for judgment; the further postponement and delay being for the benefit and accommodation of the complainant. And such being the case, it is neither reasonable, nor in accordance with established principle, that the defendant in the judgment should be allowed to take advantage of the irregularities in the proceeding. An adjournment or postponement by a justice, for a longer time than that fixed by statute, cannot be objected to as erroneous, by the party at whose instance it was granted. *Peck vs. McAlpine*, 3 *Cai. Rep.*, 166; *Kilmore vs. Sudam*, 7 *John.*, 529; *Meyer vs. Fisher*, 15 *John.*, 504.

And as to the supposed injustice of the judgment, it is not alleged, nor does the complainant prove by his testimony, that the claim for which the judgment was rendered was without foundation; but the cause of complaint would seem to be that the set-off or claim in bar, was not allowed. This claim of set-off or account in bar, if it was not adjudicated upon by the justice, still remains unaffected by the judgment against the complainant, and he can sue for and recover the amount thereof, if duly established, irrespective of the judgment sought to be enjoined.

The order appealed from will be affirmed, with costs to the appellees.

*Order affirmed.*

(Decided 14th December, 1876.)