SAMUEL GAITHER *vs.* JOHN S. WATKINS, and others.

*Writ of Certiorari—Opening a Public road—County Commissioners.*

The writ of *certiorari* not being a writ of right, the clerk has no power to issue it without the order of the Court.

The issuing of a writ of *certiorari* being a matter resting in the legal discretion of the Court, it ought not to be granted in any case where the party has a right of appeal, except for the purpose of testing the jurisdiction of the tribunal below.

Where the record of proceedings in the matter of opening a public road, brought up by *certiorari* to the County Commissioners, shows that they had jurisdiction of the matter, subsequent irregularities in their proceedings, or irregularities on the part of the examiners appointed to examine the premises, and to determine whether, in their judgment, the public convenience requires the road to be opened, do not affect the jurisdiction of the Commissioners—such irregularities are matters to be taken advantage of by appeal to the Circuit Court.

WRIT OF ERROR to the Circuit Court for Howard County.

A petition was filed by Samuel Gaither, addressed to the Judges of the Circuit Court for Howard County, showing that the County Commissioners of said county, had instituted proceedings for the opening of a public road through the lands of the petitioner, and were about to proceed further in the matter, without authority of law

and against the provisions of the Acts of Assembly in such case made and provided. The petitioner averred that no proper or legal application had been made to the said County Commissioners for the opening of said public road, nor had proper or legal notice been given of said application, nor had the subsequent proceedings and orders of said County Commissioners been in accordance with the provisions of the law. The petitioner therefore prayed that the County Commissioners might be ordered to produce before the Circuit Court the record of the proceedings in said cause, and that the same might be inquired into, and such action had thereon as should be in conformity to law and justice, and that a *subpœna* might be issued to the parties concerned in said application, commanding them to be and appear in this Court on some certain day therein mentioned, to answer said petition, &c. The *subpœna* and *certiorari* asked for, were issued. The Commissioners made return to the *certiorari*. On motion of John S. Watkins and others, the writ of *certiorari* was quashed. Samuel Gaither thereupon filed a petition asking that the record of proceedings might be sent to the Court of Appeals for the correction of error indicated. The Court (MILLER, J.) allowed the writ of error.

The cause was argued for the appellant before ALVEY, C. J., STONE, ROBINSON, and BRYAN, J., and submitted on brief for the appellees.

*John T. B. Dorsey,* for the appellant.

By sections 17 and 18, of Article 22, of the Revised Code, "all applications for opening, &c., of public roads shall be by petition, and public notice of thirty days, &c., given of said application."

No proper or legal application has been made to the County Commissioners of Howard County for the opening of said public road, nor has any proper and legal notice

been given of said application, and consequently the proceedings of said County Commissioners are *coram non judice* and *void.*

For the purpose of testing the legality of said proceedings, and the jurisdiction of the said Commissioners, the writ of *certiorari* was properly sued out of the Circuit Court for Howard County.

The authority to open, &c., roads, given to the County Commissioners, is a special and limited jurisdiction, and their proceedings must show a strict compliance with the provisions of the law granting such jurisdiction.

The appellees (petitioners) moved to quash the writ of *certiorari* upon two grounds. The Circuit Court, waiving a decision of the questions raised by said motion to quash, ordered "that said writ of *certiorari* be quashed, inasmuch as the general appeal allowed to parties by Article 71, section 89, of Revised Code, from any decision, &c., of the County Commissioners, made the issuing of said writ unnecessary."

The writ of *certiorari* is a common law writ, still in force in the State of Maryland, and has never been abolished or abrogated by any law or decision. *Williamson vs. Carnan,* 1 *G. & J.,* 184; *Owings vs. Worthington,* 10 *G. & J.,* 199 ; *Swann vs. Mayor, &c., of Cumberland,* 8 *Gill,* 150, *&c.; Rayner vs. State,* 52 *Md.,* 377, *&c.*

*Reuben D. Johnson,* and *Henry E. Wootton,* for the appellees.

The application for the writ must disclose a proper case upon its face. The petition filed in this case, so far from disclosing a proper case for the issuing of the writ, did, upon its face, disclose the fact that the appellant, by right of appeal, had a mode of obtaining redress against any wrong or injury by him sustained. *Revised Code, Art. 71, sec.* 89.

The writ should not issue in any case in which, by law, an appeal or writ of error is provided. Upon such appeal

or writ of error the power and jurisdiction of the inferior tribunal can always, be easily inquired into and ascertained. *Baltimore and Havre de Grace Turnpike Co. vs. N. C. Railway Co.,* 15 *Md.,* 193; 2 *Poe Plead. & Prac., sec.* 723; 2 *Wait's Actions and Defences, p.* 135, *sec.* 2.

The writ of *certiorari* is not a writ of right except in cases where it is made so by statute, but it rests in the sound discretion of the Court to grant or refuse it upon the circumstances of the case. The petition in this case was addressed to the Judges of the Circuit Court for Howard County. The writ was issued without the petition being presented to them, and no order was passed directing the writ to issue. The Court must deem the averments of the petition sufficient before it will pass an order for the issuing of the writ. 2 *Wait's Actions and Defences, p.* 135; 2 *Poe Plead. & Prac., sec.* 727.

ROBINSON, J., delivered the opinion of the Court.

The writ of *certiorari* was properly quashed in this case. In the first place, the clerk had no right to issue it without the order of the Court. It is a mistake to suppose, that the appellant was entitled to the writ as *matter of right.* On the contrary, a party was not entitled to it by the common law, even in criminal cases, except for good and sufficient reasons. Thus we find it laid down in *Bacon's Abr.,* "that although the writ ought to be issued at the instance of the King for the purpose of removing an indictment, yet the Court has a discretionary power of granting or refusing it at the suit of the defendant." *Title Certiorari.*

And in *King vs. Eaton,* 2 *Term Rep.,* 89, BULLER, J., said, "that the rule requiring the defendant to lay a ground before the Court for granting a *certiorari* had obtained since the time of Charles Second." Again, in *Arthur vs. Commissioners of Sewers in Yorkshire,* 8 *Mod.,* 331, it was remarked by one of the Judges, "that the

writ of *certiorari* was not a writ of right, for if it was, it could never be denied to grant it, but it hath often been denied by this Court, who may deny it, or grant it, at discretion." And in regard to proceedings strictly speaking not criminal, as for instance, to remove a poor's rate, or the assessment of the land tax, or proceedings before the Commissioners of Sewers, the writ was refused on grounds of public inconvenience. *Rex vs. Uttoxeter*, 2 *Str.*, 932; *Rex vs. King, et al.*, 2 *Term Rep.*, 234; *Rex vs. Com's*, 1 *Str.*, 609. Not being then a writ of right, but one granted by the Court for cause shown, the clerk, it is clear, has no power to issue it without the order of the Court.

Besides this, there is nothing on the face of the proceedings brought up by the *certiorari* to support the writ. The County Commissioners have exclusive jurisdiction in regard to the opening of public roads. Parties intending to make application to them for this purpose are required to give thirty days notice by publication in a newspaper, and upon such notice and application, the Commissioners may, if they deem it expedient, appoint persons to examine the premises and to determine whether in their judgment the public convenience requires the road to be opened. And any one aggrieved by the action of the Commissioners has the right of appeal to the Circuit Court.

Now, it was argued, that a *certiorari* ought not to issue in any case where a party has a remedy by appeal or by writ of error. We are not prepared to go to this extent. This much, however, we may say, that as it is a matter resting in the legal discretion of the Court, the writ ought not to be granted in any case, where the party has a right of appeal, except for the purpose of testing the jurisdiction of the tribunal below. In *Rex v. Whitbread*, 2 *Doug.*, 549, Lord MANSFIELD said, " We are all of opinion, that in this case a *certiorari* does not lie. But if it did, it must

be granted upon cause shown, and as the affidavits in support of the present application do not proceed upon any alleged want of jurisdiction, but contain objections to the conviction on the merits, the Court would not grant the *certiorari* if they had the power to do it, for these objections are, more properly, the subject-matter of appeal, and the defendant has not chosen to resort to that remedy." And it was for the purpose of testing the jurisdiction of the tribunal below, that the writ was granted in *Hall vs. State,* 12 *G. & J.,* 329, and in *Swann, et al. v. Mayor, &c., of Cumberland,* 8 *Gill,* 159. Objection to the jurisdiction may no doubt be taken advantage of on appeal, but an appeal brings up the case generally on its merits, and this would in a case like the one before us, involving the question whether the public convenience required the road to be opened, subject the parties to an expensive and protracted litigation. Whereas, by *certiorari,* to test merely the jurisdiction of the Commissioners, the question is one to be decided on the face of the proceedings themselves. In such cases it is a more efficient remedy than by appeal.

What then are the grounds on which the application for the writ in this case are based ?

1st. Because no proper or legal application was made to the County Commissioners for the opening of the road in question.

2ndly. No proper or legal notice was given of such application; and,

3rdly. Because the subsequent proceedings were not in accordance with the provisions of the law.

If the first two objections are intended to raise the question of jurisdiction, it is sufficient to say, that they are not sustained by the record before the Commissioners. This record shows that application was made to them by petition signed by a number of citizens residing in the county, and further that notice of an intention to make

application for the opening of the road was published. This notice is set out in full in the record, and at the bottom of the notice we find these words, " *June* 6, 5*ts,*" thus showing it was published once a week for five weeks and then on July 21st, formal application was made to the Commissioners.

The object of the law in requiring notice to be given of an intention to apply for the opening of a public road, was to afford to all persons opposed to the road an opportunity of being heard. And the record shows that the *appellant* not only *had notice* of this intention, but that he filed a *protest* signed by himself and others against the opening of the road. The County Commissioners had then, in our opinion, jurisdiction in regard to the subject-matter, and having jurisdiction, subsequent irregularities in their proceedings, or irregularities on the part of the examiners, were matters to be taken advantage of by way of appeal to the Circuit Court. Such irregularities in no manner affected their jurisdiction over the subject-matter.

In any aspect then in which this case may be viewed, we are of opinion that the writ was properly quashed.

*Order affirmed.*

(Decided 18th February, 1887.)

Judge BRYAN dissented.