IN THE MATTER OF THE PETITION OF GEORGE B. WEED
AND OTHERS *vs.* THOMAS B. LEWIS.

*Certiorari—Jurisdiction of Justices of the Peace in Attachment Proceedings.*

If a justice of the peace, who has jurisdiction of the subject-matter, subsequently proceeds irregularly or erroneously, the appropriate remedy is by appeal, and a writ of *certiorari* does not lie in such case.

The writ of *certiorari* will only be issued when it is alleged and appears in a *prima facie* manner that the inferior tribunal is without jurisdiction.

Code, Art. 52, sec. 21, providing that, in suits before justices of the peace, when a defendant is returned summoned and fails to appear on the return day, the justice shall fix a subsequent day for trial, does not apply to an attachment issued by a justice; but in that case judgment may be entered on the return day.

Appeal from an order of the Circuit Court for Prince George's County (BROOKE, J.), refusing to issue a writ of *certiorari.* The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., McSHERRY, FOWLER, PAGE, ROBERTS and BOYD, JJ.

*William A. Meloy* for the appellants.

The justice had no jurisdiction to enter judgment on the return day of the summons, and his doing this was therefore both irregular and void. Departing from the mode of action prescribed by the statute—to exceed, transcend, go beyond, step outside the limitations of his power—such acts become without jurisdiction, just as much as if he had *ab initio* assumed an authority not given by the statute law. How. (U. S.) 348, 353; *Swan* v. *Mayor, &c.,* 8 Gill, 150; *Const. of Md.,* Art. IV, secs. 1 and 42; *Boswell* v. *Otis,* 9 Wagner v. *Shank,* 59 Md. 321; *People* v. *Judges, &c.,* 24 Wend., 249; *Kinnear* v. *Lee,* 28 Md. 489; *Windsor* v. *McVeigh,* 93 U. S., 274, 277, 282, 283.

*Certiorari,* and not appeal, is the proper and only suffi-

cient remedy in such a case.    3 *Am. & E. Ency. of Law* p. 64, n. 1; 5 N. Y., 572, *People* v. *Goodwin*; 24 Wend., 249, *People* v. *Judges*; 39, N. Y., 81, *People* v. *Assessors*; 29 Ark., 173, *Baxter* v. *Brooks*; 1 Ark., 144, *Ashley* v. *Brazet*; Poe's Pr. vol. 2, secs. 723, 820, admits the propriety and necessity of *certiorari* in such a case.

*J S. Rogers* (with whom were *Messrs. Duckett. and Dent* on the brief), for the appellee.

McSHERRY, J. delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Prince George's County, refusing to issue a writ of *certiorari* The facts alleged in the application for the writ are substantially these:   On the twenty-second day of June, 1894, the appellee caused a writ of attachment and summons to be issued by a justice of the peace of Prince George's County against the appellants, under which attachment certain property of the appellants was seized, and they were notified to appear before the Justice on July 16th, at 10 o'clock A. M., the return day named in the attachment.

They failed to appear on the return day and the Justice entered judgment of condemnation of the property seized. In eight days thereafter the application for the writ of *certiorari* was made.   The application was based upon the assumption that the Justice of the peace ought, on the return day, and upon the failure of the defendants to appear, to have continued the case for not less than six, nor more than fourteen days, for trial; and also upon the alleged irregularity that no bond had been given before the attachment was issued.

In the recent case of *Gaither* v. *Watkins et al.*, 66 Md. 576, it was contended that a *certiorari* ought not to issue in any case where a party has a remedy by appeal or writ of error.   But this Court said: "We are not prepared to go to this extent.   This much, however, we may say, that as it is a matter resting in the legal discretion of the Court, the

writ ought not to be granted in any case where the party has a right of appeal, except for the purpose of testing the jurisdiction of the tribunal below." Now, the Code of Public General Laws gives to justices of the peace jurisdiction to issue attachments by way of execution (Art. 52, sec. 67, Code), also against non-resident or absconding debtors (Art. 52, sec. 39), and also for fraud (Art. 52, secs. 6 and 45), when the amount claimed in any of these instances does not exceed one hundred dollars. It does not appear by the petition for the writ of *certiorari* to which class of attachments the one complained of belonged, but if it belonged to any and the amount claimed was not in excess of one hundred dollars, the Justice had undoubted jurisdiction of the subject-matter. If having jurisdiction of the subject-matter he subsequently proceeded irregularly or erroneously, this in no manner affected his jurisdiction and the appropriate and only remedy was by an appeal from his judgment to the Circuit Court, for which appeal the law makes ample provision. Code, Art. 5, sec. 83. This proposition was also distinctly decided in *Gaither* v. *Watkins et al., supra.* As there are no averments in the petition for the writ showing that the Justice had no jurisdiction to issue the attachment in question, the Circuit Court was right in refusing to issue the *certiorari.*

So far as the petition, which is the only thing before us, discloses the facts, there were no irregularities committed by the Justice. As stated, the two grounds set forth in the petition are the failure of the Justice to continue the case beyond the return day for trial on some subsequent date, and the failure of the Justice to require a bond from the plaintiff before issuing the attachment. The first ground is founded on the assumption that section 21 of Article 52 of the Code applies to writs of attachment. That section provides that when a defendant is returned summoned and fails to appear on the return day, the Justice shall fix a subsequent day for trial, not less than six, nor more than fourteen days from the return day.

It is clear, we think, that this provision has no relation to attachments, but applies only to ordinary suits or actions instituted before a magistrate. Section 42 of the same Article directs that if the defendant or the garnishee shall not show cause to the contrary, the Justice may condemn the property ; and Section 44 requires this cause to be shown by the garnishee on the *return day* of the attachment, and no other provision exists giving the defendant any other or different day to appear except section 43, which has no application as the case now stands. The other objection is equally untenable. A bond is required in attachments for fraud. The petition does not disclose that the attachment complained of was such a proceeding and we are not warranted in assuming that it was.

It is thus apparent that nothing has been set forth on the face of the petition to show that the Justice of the peace had no jurisdiction in the premises ; and, as the writ of *certiorari* will only be issued where it is alleged and appears at least in a *prima facie* manner that the inferior tribunal is without jurisdiction, the Circuit Court was right in refusing the writ and its order will be affirmed.

*Order affirmed with costs above and below.*

(Decided November 23rd, 1894.)