## ABRAHAM ROTH *vs.* CATHERINE SHUPP ET AL.

*False Imprisonment—Justice of the Peace Having Jurisdiction Not Liable for Error of Judgment—Forcible Entry and Detainer—Instructions.*

If a Justice of the Peace proceeds irregularly or erroneously in disposing of a case within his jurisdiction, the remedy of the party aggrieved is by an appeal from his judgment as provided by statute, but such error or irregularity does not affect the jurisdiction of the magistrate, or render him liable in a civil action.

When a Justice of the Peace orders the commitment to jail for non-payment of a fine of a person whom, in a proceeding of forcible entry and detainer, he finds guilty, no action for false imprisonment lies against the magistrate, although he may have committed an error in the conduct of the case.

Sworn complaint was made before a Justice of the Peace charging that plaintiff had forcibly entered upon and detained certain premises. The Justice viewed the premises, took testimony and issued his warrant for the arrest of the plaintiff. When the latter was brought before the Justice, his request to be allowed to produce testimony and be heard by counsel was refused ; a fine was imposed and he was committed to jail in default of payment. In an action for false imprisonment against the Justice of the Peace, and the person making the complaint and the counsel for the latter who advised the Justice. *Held*,

1st. That since the Justice had jurisdiction of the case made by the complaint, the jury was properly instructed that the plaintiff is not entitled to recover if the Justice acted in good faith.

2nd. That the counsel for the complainant who advised the Justice is also not liable if he acted in good faith.

3rd. That a prayer leaving it to the jury to find whether the plaintiff was "illegally imprisoned" was properly refused, because it submitted to their finding a question of law.

Appeal from the Circuit Court for Allegany County (BOYD, C. J., and SLOAN, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, PEARCE and SCHMUCKER, JJ.

*Charles Curry*, for the appellant. *De Warren H. Reynolds* and *Robert R. Henderson* also filed briefs for the appellant.

The Court declined to hear *H. Kyd Douglas* and *Albert A. Doub* (with whom was *J. W. Thomas* on the brief), for the appellees.

PAGE, J., delivered the opinion of the Court.

This action was brought to recover damages for the alleged false imprisonment of the appellant. The record shows that while he was in the actual occupancy of a certain tract of land, on the eleventh day of October, 1898, Catherine Shupp, as agent for the alleged owners of the fee, filed with one Gruber,

a Justice of the Peace, a sworn complaint, to the effect that the appellant and five other persons, with " force and arms," unlawfully ejected, expelled and removed the said owners from the said premises, and still detained the same ; and that therefore she desired and requested the presence of the said Justice upon the premises, to inquire into the matter, by his " own proper view, as the law directs." The Justice, thereupon, on the same day, issued his warrant, to a constable commanding him to arrest the appellant and the other persons named, and bring them before him immediately. On the same day and before the appellant had been arrested, the Justice went upon the premises and examined into the matter, by viewing the premises, and by taking sworn testimony. The appellant was not present during these proceedings. On the next day, however, he was apprehended and taken before the Justice. He then demanded, that he be permitted to examine witnesses and be heard in his defense by himself or by his counsel. But this the Justice refused, on the advice of Mr. Douglas, the attorney for Mrs. Shupp ; and thereupon entered judgment against the appellant and the others of $25.00 fine and costs ; and in default of the payment of his fine and costs, the appellant was committed. The testimony in the record shows that the Justice had made and determined upon his judgment, the day before, after the trial on view upon the premises, but the judgment was entered on the next day, after the appellant was arrested, and while he was in fact in the presence of the Justice. Upon being committed the appellant was carried to the jail, whence he was discharged five days later on *habeas corpus*.

The only exception is to the action of the Court in refusing the instructions to the jury asked for by the appellant, and in allowing those which it granted on its own motion.

The Court refused all of the prayers offered by the appellant of which there were twelve; except the eleventh which was granted with a modification, and also all the appellee's ; and in lieu of those asked by the several parties, gave its own instructions.

Instead of considering separately, the several prayers re-

jected by the Court, it will be sufficient to examine the several instructions that were granted, for the reason, that if the theory of the Court as to the law was correct, then that of the appellant's counsel, as set forth in their 2d, 3rd, 4th, 5th and 8th, was erroneous. The Court in its first instruction, told the jury, in substance, that if they found that the Justice went on the premises and from the evidence then taken, determined that the parties were guilty of detaining the premises, and that on the next day the warrant was issued and under it the appellant was then brought before him, and that while the appellant was there before him the Justice fined him, and that the appellant refused to pay the fine or enter into a recognizance, and in default thereof was committed, then the appellant was not entitled to recover although the magistrate declined to give any further hearing, provided the Justice acted in good faith, and believed and determined that he was legally authorized by law to so act.

That the information, on oath, disclosed a state of facts that gave the Justice of the Peace jurisdiction of the subject-matter of the proceeding, is now not open for consideration. It was distinctly so decided when the case of *Roth* v. *The State*, 89 Md. 528, was before this Court. It is also in proof in this case as it appears in the record, that while the proceedings were pending and before the judgment was actually rendered, the appellant had been apprehended and brought before the Justice, and had asked for a further hearing of the matter. It was while he was present, that the Justice deliberated upon his application, and after determining that he was not entitled to a further hearing entered up the judgment. If these be the facts the Justice had acquired full jurisdiction. The subject-matter was within his authority and the party was before him. He had therefore full power and authority to determine all questions that the issues of the case involved. If, being so empowered he acted irregularly or committed an error in reaching his conclusions, that did not deprive him of his jurisdiction, nor render his judgment void, until it had been set aside by some tribunal authorized by law so to do. There is

a full and complete remedy furnished by our statute for such cases, and that was open to the appellant here. He could have appealed to the Circuit Court, and there have had a new trial, with or without a jury, as he elected. And that was his proper remedy. In *Weed* v. *Lewis*, 80 Md. 126, affirming *Gaither* v. *Watkins*, 66 Md. 576, it is clearly decided that if a Justice of the Peace, who has jurisdiction, proceeds irregularly or erroneously " this in no manner affects his jurisdiction, and the appropriate and only remedy is by appeal from his judgment to the Circuit Court, for which appeal the law makes ample provision." This is unquestionably the settled law of this State, and it is founded upon the peculiar provisions of our statutes. It is not in conflict with those salutary principles invoked in this case by the counsel for the appellant, that a judgment pronounced against a party without giving him an opportunity to be heard is invalid. We find no fault with the doctrine laid down in the cases of *Windsor* v. *McVeigh*, 93 U. S. 274; *Bigelow* v. *Stearns*, 19 Johnson, 39, cited by the appellant and many other cases to the same effect that were produced. Our statutes have provided a mode of reaching and remedying the erroneous or irregular judgment of a Justice of the Peace having jurisdiction over the subject-matter and the person, and that is by appeal to the Circuit Court. Here then we have a case where it is sought to hold a magistrate liable in damages for alleged false imprisonment when he has acted within his authority. Can he be so held, although he may have acted erroneously? There are many cases in which it is held, that a Judge or judicial officer, acting within his jurisdiction is exempt from liability for false imprisonment, even though his judgment may be the result of mistake, error of judgment, or even of malice. They are collected and may be found in the *Amer. & Eng. Ency. of Law*, 2d ed., title False Imprisonment, pages 758–759, vol. 12.

But we are not called on now to decide whether such exemption would obtain in cases when the Justice had acted from malice, because of the fact, that the Court in its instructions now being examined, made it a condition precedent to the ap-

pellees right to this defense that the jury must find that the Justice acted in good faith. It certainly can require no authority for the position that a judicial officer, acting in good faith, cannot be liable in damages to a litigant in his Court. If this were so as CHIEF JUSTICE HOLT said in *Groenvelt* v. *Burwell*, 1 Salk, 396: " It would expose the justice of the nation ;" and as CHANCELLOR KENT said in *Yates* v. *Lansing*, 5 Johns. 282, we would " subject the established Courts of the land to the degradation of private prosecution" and thereby " subdue their independence and destroy their authority."

The Court's first instruction was correct ; and it follows that the instructions we have named of the appellant were properly rejected.

The appellant however seeks in his 7th and 8th prayers to hold Mr. Douglas liable for his imprisonment, by reason of the advice and counsel given by him to his client and to the Justice on behalf of his client. It is contended also that it is immaterial (except as to damages), whether he acted in good faith or not. The Court in its second instruction told the jury, that they could not find against him if they believed, that in all he did he acted in good faith, and did not, in giving his opinion to the Justice, as to the law in any way attempt to mislead him or do wrong to the parties, but only acted in the discharge of his duty to his client as he honestly believed it to be. We are of the opinion this was a proper statement of the legal principle applicable. It is abundantly sustained by authority, that if a lawyer acts an honest part and is actuated by no improper motives, he cannot be liable. If on the other hand he advises a magistrate, knowing there is no such law, or is moved to wilfully misadvise the Justice for some purpose of his own, he would be liable. *Stockley* v. *Hornidge*, 8 C. & P. 11; *Burnap* v. *Marsh*, 13 Ill. 535, 10 E. C. L. 271; *Bicknell* v. *Dorion*, 16 Pick. 490; *Peck* v. *Chouteau*, 91 Mo. 151.

The sixth prayer was properly rejected. While it may be unnecessary, as was said by TINDAL, C. J., in *Stockley* v *Hornidge*, *supra*, " to prove malice in the ordinary sense of the word, there must be shown some improper or sinister motive."

The ninth prayer submitted to the jury to find that the "plaintiff was illegally imprisoned," and thereby required them to find a matter of law. Moreover false imprisonment does not necessarily create a legal presumption of malice. *Lewin v. Uzuber,* 65 Md. 348.

The first prayer required the jury to find what was a void warrant, judgment or commitment and for that reason, as well as because it presented an abstract question not applied to any of the facts of the case, should have been rejected.

The eleventh prayer presented the law as to the damages fairly to the jury, and the modification by the Court was reasonable and proper, and that being so the twelfth prayer was properly rejected.

Finding no error in the record the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided November 21st, 1901.)