SARAH MARCELLA PARKER *v.* OLIVER C.
BERRYMAN, ADMINISTRATOR

[No. 6, April Term, 1938.]

*Decided April 21st, 1938.*

The cause was argued before BOND, C. J., URNER, PARKE, SLOAN, MITCHELL, and JOHNSON, JJ.

*George B. P. Ward*, with whom was *Watson E. Sherwood* on the brief, for the appellant.

*Gwynn Nelson*, submitting on brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

A complainant in equity appeals from dismissal of her bill to enjoin execution on a judgment entered against her by a justice of the peace, and to strike it out, because of lack of service of summons on her and knowledge of the suit and judgment, and of irregularities in the proceedings before the justice. Execution is threatened on a farm, title to which stood in her name but which, after having been warned of the judgment, she conveyed through an intermediary to her son. A meritorious defense to the charge and the suit is averred.

The judgment was obtained by an undertaker, now dead, for services in connection with the funeral of the

appellant's mother, buried from her house in 1916. Entries in an account book of the undertaker show an original charge of $93.50, reduced by a payment of $20 in 1918. The suit was entered in 1921 before J. Smith Orrick, a justice of the peace, now dead. After some returns of the summons: "Not found," the defendant was returned "Summoned," on April 19th, 1922; the case was continued to May 13th, 1922; and, the defendant not appearing, judgment was entered against her, and was duly recorded on July 26th, 1922. The magistrate's original docket produced in court recites three issues of the summons, on September 9th, and November 30th, 1921, and April 13th, 1922, and it is contended that by failure to issue in the intervals between those dates the suit became discontinued, and no subsequent summons could be effectual to support the proceeding to judgment.

The recital in the docket continues: "May 13th, 1922, Judgment *ex parte* in favor of the plaintiff for ninety-nine dollars and fifty cents current money with interest," etc. Differing in that part of the entries, the certified copy recorded in the office of the clerk of the Circuit Court recites: "May 13th, 1922, Defendant did not appear. Trial *ex parte*, Judgment in favor of the plaintiff," etc. The appellant contends that, because of the absence from the original docket of an entry to show a trial had, or proof taken, the judgment must be taken as entered without proof, and for the reason invalid. This contention having been made below, the judgment creditor asked that the original docket be amended, and leave to amend was granted before the decision.

In addition to making this official return of "Summoned," the constable intrusted with the summons testified in this case that he made several unsuccessful efforts to find Mrs. Parker at her farm in 1922, carrying the summons in his pocket, and on the day specified in the return did find her and read the summons to her, but had as usual no copy to leave; that Mrs. Parker said she was not coming; that she was no more responsible

for the bill than "the others" were; and that he, the constable, advised her to come and contest the suit to avoid judgment. Mrs. Parker in her testimony agrees that the constable did visit her, but says she saw no paper and does not remember what he said to her, that she thought he was trying to collect a bill. A daughter-in-law of hers, present at the time, testified to the constable's visit, but did not hear what was said. She did not see any paper read. The defense to the charge, and to the suit, would be that two sisters of Mrs. Parker's were responsible for the bill with her. Who paid the $20 received by the undertaker on account was, according to their testimony, not known to the witnesses.

Lack of service of summons and knowledge of a suit may justify resort to equity to restrain execution, and strike the judgment out. *Adkins v. Selbyville Mfg. Co.*, 134 Md. 497, 107 A. 181; 3 *Freeman, Judgments* (5th Ed.) sec. 1228; *Pomeroy, Equity Jurisprudence*, sec. 1364. But an official return of service of a summons is presumed to be true until the presumption is rebutted by proof. "Intendments will be made in support of the acts of ministerial officers, where they appear by the return of process to have discharged their duty, and the *onus probandi* rests on the party impeaching such acts." *Windwart v. Allen*, 13 Md. 196, 200; *Adkins v. Selbyville Mfg. Co., supra*, 134 Md. 497, at page 501, 107 A. 181, 183. "The mere denial of personal service by the party returned summoned will not avail to defeat or rebut the sworn return of the officer." *Wilmer v. Picka*, 118 Md. 543, 549, 85 A. 778, 780. And the probabilities seem to support the return here. It would seem highly probable that the constable, having gone so far as to visit the house for the purpose, would not then fail to carry out the single piece of business which had brought him. As the court remarked in *Adkins v. Selbyville Mfg. Co., supra*, "It is certainly much more probable that the sheriff would, under those circumstances, summon her than that he would neglect his plain duty." And Mrs. Parker offers no contradiction except to the extent that

she and her daughter-in-law saw no paper read. The constable was not required to leave a copy. *Adkins v. Selbyville Mfg. Co.*, 134 Md. 497, at page 503, 107 A. 181. On the objection of lack of service of summons, the finding of the chancellor was properly against the complainant. She must be regarded as having been duly served, unless a failure of timely renewal and reissue in the intervals mentioned has discontinued the suit as contended. Having been served, and the proceedings thus started forward, her failure of comprehension, and her resting upon a protest to the constable, could not, in any forum, be considered as a ground of attack on the judgment. *Gott v. Carr*, 6 G. & J. 309, 314; *Ewing v. Nickle*, 45 Md. 413, 415. Her present objections must then be dealt with as they would be if she had obeyed the summons.

It cannot be held that such intervals as appear between the issues of summons recorded on the docket effect a discontinuance of a suit before a justice of the peace. A discontinuance in any judicial proceedings would result only from a failure to continue them formally over an interruption, as by lapse of a term of court, which under common law practice would impose a limit upon their effectiveness in the absence of the continuance. 1 *Tidd, Practice*, 161, 162, 678; *Bacon, Abridgement, Pleas and Pleadings*, (P); *Comyns, Digest, Pleader*, (V); 9 *Holdsworth, History of English Law*, 260; *Bouvier's Law Dict., Rawle's Third Rev., Discontinuance.* "But the continuances are mere matters of form, and may be entered at any time." 1 *Tidd* 162. Before a magistrate there are no such limiting interruptions to the proceedings. He has no terms. And there is no legal rule specifying the time of reissue of a summons in a case before him.

Assuming, without deciding, that the magistrate's entry on his original docket of "judgment *ex parte*," without amendment, does fail to show that proof was received before the judgment was entered, and that it is essential to the validity of a judgment that the docket

should show that fact, the irregularity would not be one open to consideration in this separate suit. It is not in the magistrate's suit itself that the debtor is proceeding, by appeal or otherwise. She resorts to the separate suit in equity; and in an equity suit such mere irregularities are not grounds of attack. Once the debtor was summoned to appear before the justice, "the subject-matter was within his authority, and the party was before him. He had therefore full power and authority to determine all questions that the issues of the case involved. If, being so empowered, he acted irregularly, or committed an error in reaching his conclusions, that did not deprive him of his jurisdiction, nor render his judgment void, until it had been set aside by some tribunal authorized by law so to do. There is a full and complete remedy furnished by our statute for such cases." *Roth v. Shupp*, 94 Md. 55, 58, 50 A. 430, 431. "The remedy could only be in a court of law by a reversal of the judgments, on appeal to the proper tribunal, for a want of jurisdiction by the justice of the peace giving the judgments, and equity could furnish no relief." *Brumbaugh v. Schnebly*, 2 Md. 320, 325; *Windwart v. Allen*, 13 Md. 196, 202; *Boyd v. Chesapeake & O. Canal Co.*, 17 Md. 195, 211; *Ewing v. Nickle*, 45 Md. 413, 415; *Weed v. Lewis*, 80 Md. 126, 128, 30 A. 610; *Home Life Ins. Co. v. Caulk*, 86 Md. 385, 391, 38 A. 901; 3 *Freeman, Judgments* (5th Ed.) secs. 1216, 1217.

This court can only concur in the conclusion of the chancellor that there is no ground for interference with the judgment complained of.

*Decree affirmed, with costs.*