## THE A. S. ABELL COMPANY *v.* SWEENEY, CHIEF JUDGE OF THE DISTRICT COURT OF MARYLAND, ET AL.

[No. 176, September Term, 1974.]

*Decided May 12, 1975.*

*Motion for rehearing filed June 11, 1975; denied June 24, 1975.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Joseph H. Colvin* for appellant.

Court did not wish to hear from appellees. *Francis B. Burch, Attorney General,* and *Glenn W. Bell, Assistant Attorney General,* on the brief.

DIGGES, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore County (MacDaniel, J.) which denied the "Mandamus, Writ of Certiorari and/or Declaratory Judgment" relief sought by the appellant, The A. S. Abell Company, against the appellees, five judges of the District Court of Maryland, sued in their official capacity,[1] as well as a corporation, Stay Trim, Inc.

The background facts show that the case now before this Court, though originating in the Circuit Court for Baltimore County, was instituted by the appellant because of its dissatisfaction with two pretrial procedural rulings made in an action sounding in assumpsit[2] and still pending in the District Court of Maryland, Eighth District (Baltimore County), in anticipation of our determination of this case. In preparing for trial of that district court suit, Abell notified Stay Trim of its intention to depose and perpetuate the testimony of William L. Kidder, a non-party, out-of-state witness; however, relying on the provisions of Maryland District Rules 402 and 404,[3] Stay Trim objected. After District Court Judge Edward D. Hardesty, one of the

---

1. In addition to Chief Judge Robert F. Sweeney, the following associate judges, designated to sit in the Eighth District (Baltimore County), were named as defendants: J. William Hinkel, Marvin J. Land, William R. Buchanan and Edward D. Hardesty.

2. Abell's assumpsit action is a $1102.20 claim against Stay Trim for that corporation's failure to pay for commercial advertisement published by Abell in the magazine section of its Baltimore Sunday Sun newspaper.

3. These rules provide:

"402. Perpetuation of Testimony.

   Upon order for good cause shown, a party to an action who desires to perpetuate his own testimony or that of any other party or witness may do so by deposition."

"404. Stipulation as to Taking of Deposition.

   *If the parties so stipulate in writing,* a deposition may be taken before any person, at any time or place, upon any notice, and in any manner and when so taken may be used like other depositions." (emphasis added).

appellees, refused to permit the witness to be deposed because he concluded that Stay Trim's assent to the taking of the deposition, required by District Rule 404, was lacking, and after District Court Judge William R. Buchanan, also an appellee, declined to sign an order authorizing the perpetuation of the desired testimony because no "good cause" for its taking was shown under District Rule 402, the appellant, without further proceedings being conducted in the district court, filed the present action in the circuit court which gives rise to this appeal. In this case Abell seeks, through this "mandamus, writ of certiorari and/or declaratory judgment" proceeding: (i) to compel a stay of the district court case "until determination and ruling upon this Petition"; (ii) to compel the "District Court of Maryland for Baltimore County and the respective judges involved . . . to pass an Order allowing or directing plaintiff [(appellant)] to take the Deposition upon written Interrogatories of the out of State witness, William L. Kidder, in the State of Illinois where he now resides and is employed or as otherwise this Honorable Court may direct"; and (iii) "That a Declaratory Judgment be entered declaratory of the plaintiff's [(appellant's)] right to take the testimony of Illinois resident witness William L. Kidder, perpetuation of testimony and/or use as evidence in the trial of above pending cause." To this petition the appellees demurred and filed a motion to dismiss because, among other grounds, they assert that the appellant "is trying to do collaterally what should have been done by appeal" to the circuit court. Maryland Code (1974), Courts and Judicial Proceedings Article, § 12-401.

As we conclude that the relief which the appellant seeks may not be obtained in this proceeding we will affirm the action of the circuit court in sustaining the demurrer and dismissing the petition.

Though joined in a single action the appellant seeks here to invoke the aid of three separate and distinct procedures in order to accomplish the end it desires — namely to depose the witness, Kidder. While there exists a strong common thread which runs through our reasoning in reaching the conclusion that it is inappropriate to utilize any of the three

718

procedures attempted here, we will discuss each individually.

First, we consider and reject mandamus as being a remedy available to the appellant under the circumstances shown to be present in this case. This conclusion is required because, as this Court stated long ago in *Applestein v. Baltimore*, 156 Md. 40, 45-46, 143 A. 666 (1928), "it is fundamental that [this] writ will not lie if the appellants have any other adequate and convenient remedy; and it is generally held that the right to have the facts upon which the petition for the writ is based reviewed upon appeal is a sufficient remedy, and that one who fails to take advantage of it is not entitled to the writ of mandamus." (citations omitted) It therefore is quite apparent that this writ is granted in the discretion of the court, not as a matter of course, but only to cure a procedural defect and not to supersede other legal remedies. So if there exists another action adequate to provide the relief desired, be it at law or in equity, the writ will not issue. 2 *J. Poe, Practice* 664-65, § 709 (Tiffany's ed. 1925). See *Albert v. Pub. Serv. Commission*, 209 Md. 27, 120 A. 2d 346 (1956); *County Commrs. of A.A. Co. v. Buch*, 190 Md. 394, 58 A. 2d 672 (1948); *Stark v. Board of Registration*, 179 Md. 276, 19 A. 2d 716 (1941); *Fulker v. County Comrs.*, 156 Md. 408, 144 A. 640 (1929). Here, if the case in the district court proceeds to a final judgment adverse to Abell, the corporation then may appeal to the Circuit Court for Baltimore County and there obtain a review, on the district court record, of the correctness of the rulings made in that court pertaining to the appellant's efforts to depose the desired witness. Code (1974), § 12-401 of the Courts Article. Since complete review by the circuit court of the district court rulings is available to Abell through the appeal process, mandamus is unavailable to it.

The request for certiorari must also be denied as it, like mandamus, is not a writ of right. Although today certiorari is authorized by statute in a number of specific instances (*e.g.*, Code (1974), Title 12 of the Courts Article pertaining to appellate review by this Court), it is clear, nevertheless, that

the writ's use is extensively curtailed, if not completely prohibited, when a right of appeal is given. This is made evident by Mr. Poe in his well known treatise, *Pleading and Practice,* where it is said: "It may, therefore, be laid down as a general though not invariable rule, that the writ of *certiorari* should be issued in Maryland, only in those cases in which an inferior tribunal created by a public or private law is proceeding to execute its authority in a manner not warranted by law or in excess of its legitimate jurisdiction, *and where the lawfulness of its action can not be inquired into upon appeal* . . . to a superior court." (emphasis added). 2 *J. Poe, Practice* 693, § 723 (Tiffany's ed. 1925). In other words, as stated for this Court by Judge McSherry in *Weed v. Lewis,* 80 Md. 126, 128, 30 A. 610 (1894), in speaking of a justice of the peace but just as appropriate if he had referred to the district court or any other lower court: "If having jurisdiction of the subject-matter he subsequently proceeded irregularly or erroneously [(as is asserted by Abell here)], this in no manner affected his jurisdiction and the appropriate and only remedy was by an appeal from his judgment to the Circuit Court, for which appeal the law makes ample provision." See *Parker v. Berryman,* 174 Md. 356, 360-61, 198 A. 708 (1938); *Crichton v. State,* 115 Md. 423, 429-30, 81 A. 36 (1911); *Gaither v. Watkins,* 66 Md. 576, 580, 8 A. 464 (1887). Accordingly, if the judgment of the district court is adverse to Abell, a review by means of appeal will be available to that corporation to test the correctness of the complained of deposition rulings; therefore, certiorari, like mandamus, may not be utilized as a substitute method for obtaining a review by the circuit court of those rulings.

Appellant additionally seeks, under the Declaratory Judgment Act, Code (1974), Courts Article, §§ 3-401 to 3-415, to obtain from the circuit court a declaration that it is entitled, over Stay Trim's objection, to depose Kidder and use his testimony in the district court proceeding. We conclude that the appellant is not entitled to such a declaration. Abell's contention to the contrary is without merit and is fully rebutted by the decision of this Court in *Grimm v. Co. Comm'rs of Wash. Co.,* 252 Md. 626, 250 A. 2d

866 (1969), in which, largely relying on *Baltimore v. Seabolt*, 210 Md. 199, 123 A. 2d 207 (1956), Judge Barnes for the Court pointed out:

> "By the enactment of the Acts of 1945, Chapter 724 [(the Declaratory Judgment Act)], the General Assembly made it clear that declaratory relief was to be granted under the Act notwithstanding the availability of another adequate remedy either at law or in equity. . . . This legislation, however, did not modify, either by terms or by construction, the explicit language of Section 6 of the Act [(now Code (1974), § 3-409 of the Courts Article)], and our decision in *Seabolt* made it clear that the Act, as amended by the Act of 1945, Chapter 724 did not say 'that there is a right to declaratory relief wherever there is a right to a usual legal or equitable remedy; it says that the existence of such a remedy shall not bar declaratory relief, not that ordinary relief and declaratory relief shall be co-extensive.' (210 Md. at 209, 123 A. 2d at 211.) *Seabolt* also makes it clear that even after the amendment to the act 'some discretion is left to the courts' in granting declaratory relief.

> \* \* \*

> "Although there is an apparent division of authority on the question, in our opinion the better considered cases hold that once a criminal proceeding has been instituted in which the question of constitutionality of the statute [, court rule] or ordinance can be adequately decided, the courts properly exercise their discretion in declining to grant declaratory relief in a civil proceeding for such relief." 252 Md. at 632-34.

As we see no reason for a different principle in this regard to be applicable to civil actions than that controlling in criminal causes, we now expressly extend this above quoted rule of *Grimm* to civil actions. Furthermore, as we pointed out in

*Grimm, supra* at 635, some courts, most notably the Court of Appeals of New York, go so far as to indicate "that to grant declaratory relief when another action in which all of the same issues may be adequately determined is pending at the time the action for a declaratory judgment is filed is an *abuse of the trial court's discretion.*" We here, however, are not required to go that far; therefore, we think that a concise statement, with slight modifications as noted, of the law of this State in this regard can be found in Professor Borchard's *Declaratory Judgments* (2d ed. 1941): "Where an action or proceeding is already pending in another forum involving the same issues, [absent very unusual and compelling circumstances,] it is manifestly unwise and unnecessary to permit a new petition for a declaration to be initiated . . . ." *Id.* at 350.

Since the appellant in this case may as a matter of right obtain, through the appeal process, a review by the circuit court of the district court's rulings about which Abell complains, and indeed, after June 30, 1975, possibly a further review by this Court under Chapter 447 of the Acts of 1975, we conclude that Judge MacDaniel was correct in sustaining the demurrer and dismissing the appellant's petition.

> *Judgment affirmed.*
> *Costs to be paid by the appellant.*