## SUPERIOR COURT OF BALTIMORE CITY.

Filed March 22, 1912.

JOSEPH E. GREEN

VS.

LAWRASON RIGGS, ET AL., BOARD OF SCHOOL COMMISSIONERS OF BALTIMORE CITY.

*Thomas Mackenzie* attorney for Joseph E. Green.

*Alexander Preston,* Assistant City Solicitor, attorney for School Board.

ELLIOTT, J.—

The petition in this case was filed by the plaintiff, an Instructor in the Polytechnic Institute, one of the schools under the care of the Board of School Commissioners of Baltimore city, the object of said petition being to have the manner of procedure of said board inquired into by this court, so as to determine whether or not the requirements of law have been complied with in the removal, or attempted removal, of said petitioner from said position.

The petition alleges that after having served one year on probation as Instructor in English in the Polytechnic Institute the petitioner was at the expiration of said year regularly nominated by the Superintendent of Public Instruction as a regular teacher or instructor in said institution, and duly confirmed and appointed to said position by said Board of Public School Commissioners. The probationary year began in September, 1909, and terminated September, 1910, at which later time the confirmation and appointment as a regular teacher took effect.

The petitioner further alleges that during the spring of 1911 he was called to the principal's office and given a letter from the Superintendent of Public Instruction containing charges of inefficiency and subsequently on May 10th, 1911, had an interview with the Superintendent during which he was presented with the paper containing said charges, and was told that he "could let the charges go before the board and resign later, or resign immediately and prevent the presentation of the charges." He says: "Finally I was told that I might have about an hour to think over the matter."

He thereupon resigned, to take effect June 30th, 1911, and the board accepted the resignation, but upon thinking over the matter filed a request for permission to withdraw his resignation. This request was filed with the board on June 11th, 1911, and was granted by the board on June 15th, 1911, and he was notified to that effect on the following day.

Simultaneously with this notice he received another notice stating that "The Board of School Commissioners has received charges against you, prepared by the Superintendent of Public Instruction, of inefficiency as a teacher, the specifications being as follows:

"First. He is inefficient in the management of his class when under instruction.

"Second. He is inefficient in management when undertaking his share of the general discipline of the school.

"Third. He is inefficient in instruction because the progress of his classes is impeded by his lack of control during recitations.

"The board has set Wednesday, June 28th, 1911, at 5 P. M., as a date for the trial of the above charges. The trial to be held at the office of the board, Madison and Lafayette avenues. You are hereby notified to appear at that time and place for trial. You are privileged to present any witnesses you may desire to testify on your behalf.

"(Signed)    JOHN H. ROCHE,
                "Secretary."

In pursuance of the above notice, the petitioner, on June 28th, 1911, filed his answer to said charges, alleging that he was entitled to know specifically what the said charges were intended to cover, so that a fair opportunity be given to him to reply thereto, and that, from the general and indefinite character of the said charges, he is at a loss to know how and in what particular to defend himself.

This answer also showed that the petitioner was a graduate of the Baltimore City College and the Johns Hopkins University, and had three years' experience as a teacher, one on probation in the Polytechnic Institute, and one year in full connection, and after regular nomination and election as a regular instructor in English in said institution, said election having been had after due recommendation by the Superintendent of Public Instruction.

No reply to this answer seems to have been made by the board.

On June 26th, 1911, two days prior to the filing of the above answer, the counsel of the petitioner wrote a letter to Lawrason Riggs, Esq., the President of the Board, asking that he be allowed to appear before the board as

the representative of the petitioner, and on the next day the president replied that it had been the uniform custom of the board not to allow counsel to appear when charges were being considered by the board.

He also wrote: "If the hearing takes place in open session there can, of course, be no objection to your being present to confer with Mr. Green."

The return made to the writ of certiorari issued in this case contains the following statements:

President Riggs exhibited a writ of certiorari and stated that the same had been served on him just before leaving his office to attend the board meeting, the writ being signed by Judge Elliott, and in connection with the Green case.

On motion, the matter of the writ was referred to the City Solicitor.

On motion, the board proceeded with the trial of Joseph E. Green, the witnesses were called into the board room and the trial proceeded. The charges, as preferred by the Superintendent of Public Instruction, were read and the answer of Mr. Green was read.

On motion, the board ordered that the last portion of the answer, referring to Mr. North in uncomplimentary terms, be stricken out.

After the evidence had been presented both for the prosecution and the defense, the Superintendent of Public Instruction made the following recommendation—"I recommend that Mr. Joseph E. Green be removed from the service." And he was removed by a vote of the board.

In the notification of removal sent on June 29th, 1911, to Mr. Green, he was informed that "you were found guilty of said charges, and upon recommendation of the Superintendent of Public Instruction were ordered removed."

The charges were alleged "inefficiency as a teacher" preferred by the superintendent.

I have set out the facts of this case as they appear from the records, in order that there should be no misapprehension of the circumstances attending the attempted removal of the petitioner.

There can be no doubt that the petitioner was, at the time of said attempted removal, a regular teacher in the public schools of Baltimore city, having served the probationary period of one year, been nominated by the School Board by reason of his aptness to teach being established, and in pursuance thereof appointed by the board as a teacher.

Being such regular teacher, the petitioner could be removed only in accordance with the method prescribed by Section 99 of the City Charter which provides that "any teacher may be removed by said board, on the recommendation of the Superintendent of Public Instruction, after charges preferred and trial had."

It is evident that the law intends that there is to be a judicial ascertainment by the Board of School Commissioners both of the truth of any charges and of the fact that such charges render the teacher incompetent to remain in the schools. And it was for that reason and purpose that jurisdiction has been conferred upon the board.

The recommendation of the Superintendent of Public Instruction is not what removes, but the finding by the board of the truth of the charges upon which the teacher is tried, and its decision that the teacher is unfit to remain.

The recommendation of the removal of the superintendent is in the nature of an indictment, but the trial must be held by the board, and its verdict is to be rendered, after charges made and a hearing had, and then a decision is to be rendered by the board.

There would seem to be no good reason why the hearing should not be held in public, subject to all proper restraints which public hearings usually exercise over both the prosecutors and the judges as well.

In this case, however, the trial so far as there was one, apparently took place in a closed session of the board, because in the letter written on June 27th, 1911, by the president of the board to Mr. Mackenzie, the latter was informed that "If the hearing takes place in open session there can, of course, be no objection to your being present to confer with Mr. Green."

Mr. Mackenzie seems not to have been notified to be present, and was not there "to confer with Mr. Green."

The return made to this court in response to the writ states the pro-

ceedings subsequent to the "trial" in these words:

"After the evidence had been presented, both for the prosecution and the defense, the Superintendent of Public Instruction made the following recommendation, in conformity with the provision of Section 99 of the City Charter:

"I recommend that Mr. Joseph E. Green be removed from the service."

On motion, the board voted that Mr. Green be removed from the service, Messrs. McCosker and Rossman voting "no," the latter on the ground that Mr. Green was not present.

This court cannot but think that the charges of incompetentcy which were made by the superintendent was a matter to be decided by the board, and that in the reaching of the conclusion the superintendent had no right to participate.

From the return made to the writ, it is difficult to conclude otherwise than that the board contented itself with registering not its own opinion but the opinion of the superintendent, who both originated the charge and registered his own finding.

I do not take it that such a proceeding can be seriously considered as a real trial by the board.

Nor am I willing to permit the action of the board and superintendent to stand.

It is to be noted that no appeal by a teacher, from an adverse decision by the board, is provided by the law, and if this court is unable to intervene by the writ of certiorari, no decision if made by the board, however unjust it might be, would be the subject of review by the courts.

The writ of certiorari is a discretionary writ, and should not be granted in any case where there is the right of appeal, except to test the jurisdiction. Weed vs. Lewis, 80 Md., 128.

But where there is no appeal, the reason ceases to operate.

In this case, where the reply to the writ makes apparent that there has been no judicial determination, I will pass an order refusing to quash the writ, striking out the decision as to removal, and send the matter back to the Board of School Commissioners for proper action by it in the premises.