545 A.2d 705

**Steven M. HOWARD**

v.

**STATE of Maryland.**

**No. 1644, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Aug. 8, 1988.
Certiorari Denied Nov. 29, 1988.

John K. Burkhardt (Saiontz & Kirk, P.A., on the brief), Baltimore, for appellant.

Ann N. Bosse and Thomas A. Deming, Asst. Attys. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Warren B. Duckett, Jr., State's Atty. for Anne Arundel County and David L. Hendricks, Asst. State's Atty. for Anne Arundel County on the brief, Annapolis), for appellee.

Argued before WILNER, KARWACKI and WENNER, JJ.

KARWACKI, Judge.

On June 22, 1986, Steven M. Howard, the appellant, was cited by a Department of Natural Resources police officer for operation of a motorboat on the Rhode River in violation of COMAR .08.04.04.07 which provides:

> Power vessels towing persons on water skis, aquaplanes, or other similar devices shall at all times keep at least 100 feet from any shore, wharf, pier, bridge structure or abutment, or people in the water. On passing another boat, the operator of the towing vessel shall keep his vessel at least 100 feet distant from any other craft.

That regulation had been promulgated by the Department of Natural Resources pursuant to Md.Code (1983 Repl.

Vol.), § 8–704(b–1) of the Natural Resources Article directing the Department to:

> adopt rules and regulations governing ... operations of any vessels subject to this subtitle so that each vessel complying with the rules and regulations may be operated with equal freedom or under similar requirements on all waters of the State.

Md.Code, *supra*, § 8–1501(c) of the Natural Resources Article makes the violation of any such rule or regulation promulgated by the Department a misdemeanor punishable by fine and/or imprisonment.

Prior to his trial in the District Court of Maryland for Anne Arundel County, appellant moved to dismiss the charge. He asserted that the Legislature's delegation of authority to specify what conduct by the operator of a power vessel on the waters of this State would be a crime violated Article 8 of the Maryland Declaration of Rights which provides:

> That the Legislative, Executive and Judicial powers of Government ought to be forever separate and distinct from each other; and no person exercising the functions of one of said Departments shall assume or discharge the duties of any other.

Judge Donald M. Lowman agreed and dismissed the charge against the appellant on March 13, 1987. Two months later the State filed a petition for writ of certiorari in the Circuit Court for Anne Arundel County seeking a review of that dismissal. The writ was granted on May 19, 1987, directing that the records of the proceedings in the district court be transferred to the circuit court for review pursuant to Rule K44. Appellant moved to quash the writ. Rule K48.

After hearing argument, the Circuit Court denied appellant's motion to quash, ruled that the District Court had erred in deciding that the adoption of COMAR .08.04.04.07 violated the separation of powers mandated by Article 8 of the Maryland Declaration of Rights, and remanded the case to the District Court for trial. Appellant filed a timely appeal.

**450**

In this Court appellant questions whether the Circuit Court misapplied the writ of certiorari under these circumstances. We hold that it did and explain.

■ The circuit courts of this State have jurisdiction to issue a writ of certiorari to a lower court for the limited purpose of inquiring into that tribunal's fundamental jurisdiction. *Kawamura v. State*, 299 Md. 276, 283, 473 A.2d 438 (1984); *Smith v. State*, 73 Md.App. 156, 161, 533 A.2d 320 (1987); 4 Poe's *Pleading and Practice*, § 723 (6th ed. 1975). Fundamental jurisdiction of a court means its "power to act with regard to a subject matter which 'is conferred by the sovereign authority which organizes the court.'" *Pulley v. State*, 287 Md. 406, 416, 412 A.2d 1244 (1980). Thus, the limited function of the writ of certiorari is to inquire into the power of a court to decide an issue—not to review its resolution of that issue. *Hendrick v. State*, 115 Md. 552, 560, 81 A. 18 (1911); *Crichton v. State*, 115 Md. 423, 429–30, 81 A. 36 (1911); *VonOppenfeld v. State*, 53 Md.App. 462, 468–70, 454 A.2d 402 (1983).

■ In the case *sub judice*, the District Court clearly possessed fundamental jurisdiction to adjudicate the criminal charge against appellant. He was 26 years of age when charged in a criminal case over which the district courts have exclusive original jurisdiction. Md.Code (1984 Repl. Vol.), § 4–301 of the Courts and Judicial Proceedings Article. In exercising that portion of the judicial power of this State vested in it by Article IV, §§ 1 and 41A of the Maryland Constitution,[1] the District Court possessed the

---

**1.** § 1 of Article IV provides:

The Judicial power of this State is vested in a Court of Appeals, such intermediate courts of appeal as the General Assembly may create by law, Circuit Courts, Orphans' Courts, and a District Court. These Courts shall be Courts of Record, and each shall have a seal to be used in the authentication of all process issuing from it.

§ 41A of Article IV provides:

The District Court shall have the original jurisdiction prescribed by law. Jurisdiction of the District Court shall be uniform throughout the State; except that in Montgomery County and other counties and

fundamental jurisdiction to decide whether the adoption of COMAR .08.04.04.07 by the Department of Natural Resources violated Article 8 of the Maryland Declaration of Rights. Consequently, we hold that the Circuit Court erred in failing to quash the writ of certiorari on the motion of appellant.

■ Furthermore, our holding that certiorari was an improper remedy in the instant case is mandated by the limitations placed upon the right to appeal from a final judgment by a district court in a criminal case. Md.Code, *supra,* § 12-401 of the Courts & Judicial Proceedings Article provides in pertinent part:

> (a) A party in a civil case or the defendant in a criminal case may appeal from a final judgment entered in the District Court. In a criminal case, the State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended.

It is well settled that "any right of appeal, in either a civil or criminal case, must find its source in an act of the legislature." *State v. Bailey,* 289 Md. 143, 147, 422 A.2d 1021 (1980). The appellate jurisdiction of the circuit courts over final judgments of the district courts is therefore dependent upon a statutory grant of power. *Warren v. State,* 281 Md. 179, 182, 377 A.2d 1169 (1977).

The Legislature has provided that the State has no right to appeal from a decision of a district court in a criminal case except where the district court fails to impose a sentence specifically mandated by the Maryland Annotated Code, a situation which is not present in the present controversy. To permit a review of the merits of a district court's

the City of Baltimore, the Court may have such jurisdiction over juvenile causes as is provided by law.

disposition in a criminal case on the State's petition for a writ of certiorari would violate that statutory direction.

In light of our holding, we will not address the other contentions of the appellant.[2]

JUDGMENT REVERSED;

COSTS TO BE PAID BY ANNE ARUNDEL COUNTY

---

**2.** Appellant also presented these questions for our review:
1. Whether the court below erred in granting the State's Petition for Writ of Certiorari when it was not applied for until sixty-one (61) days after the District Court had dismissed the charges against the appellant.
2. Whether COMAR .08.04.04.07 is invalid under Article 8 of the Maryland Declaration of Rights.